UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C. ALCAZAR,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 12-4494 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　Joshua C. Alcazar filed this action on May 25, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on June 14 and July 5, 2012. (Dkt. Nos. 11, 12.) On December 18, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On October 20, 2009, Alcazar filed an application for supplemental security income and alleged a disability onset date of May 7, 2004. Administrative Record ("AR") 10. The application was denied initially. AR 50. Alcazar requested a hearing before an Administrative Law Judge ("ALJ"). On December 20, 2010, the ALJ conducted a hearing at which Alcazar and a vocational expert testified. AR 25-49. On January 26, 2011, the ALJ issued a decision denying benefits. AR 7-16. On April 24, 2012, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Alcazar had the severe impairments of lumbar degenerative disc disease, below the knee amputation and hepatitis C. AR 12. He did not have an impairment or combination of impairments that met or equaled a listing. AR 12-13. He had the residual functional capacity ("RFC") to perform sedentary work except that he is wheelchair bound and can lift and/or carry ten pounds frequently and twenty pounds occasionally. AR 13. He has no past relevant work, but there are jobs in significant numbers in the national economy that he can perform, such as order clerk, bonder (electronics) and lens-block gauger (optical). AR 14-15.

## C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Alcazar's medically determinable

impairments could reasonably be expected to produce the alleged symptoms. AR 14.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ made no finding of malingering. He found that Alcazar's statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not credible to the extent they were inconsistent with the RFC assessment. AR 14.

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13)[1] (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

---

[1] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

The ALJ discounted Alcazar's credibility for two reasons: (1) Alcazar's allegation that he cannot lift or carry anything is not supported by objective medical evidence; and (2) no treating physician opined as to Alcazar's RFC, which the ALJ would have expected if Alcazar were truly as limited as he alleged. AR 14.

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ may consider that no treating source opined as to claimant's residual functional capacity). The ALJ's reasons are supported by substantial evidence. On August 15, 2008, Alcazar was evaluated after arrest and prior to booking by the Los Angeles Police Department. AR 170. Alcazar complained of mild pain in the right upper extremity. *Id.* Upon examination, the treating physician determined he was not in enough pain to warrant medication. AR 171. Five years earlier, in 2003, he was found to have 5/5 motor strength in both upper extremities. AR 194. The discharge report left blank the section regarding anticipated disability. AR 201.

Both of the reasons the ALJ cited are based upon the lack of objective medical evidence supporting the alleged degree of limitations, and this factor is not sufficient alone. The Commissioner argues that Alcazar's credibility is undermined by his failure to report an inability to lift or carry anything to his treating physicians and his failure to appear, without explanation, at a consultative examination ordered by the ALJ. The Commissioner is correct that both of these reasons would be sufficient to warrant an adverse credibility determination. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (ALJ may consider failure to report condition to her doctors); *Thomas*, 278 F.3d at 958-59 (ALJ may consider unexplained failure to seek treatment); *Tonapetyan v. Halter*,

242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may consider lack of cooperation at consultative examinations in discounting credibility).

However, because the ALJ did not articulate these reasons, the court cannot rely upon them. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 n.2 (9th Cir. 2008); *Connett*, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts."). The Commissioner cites a regulation that permits him to find that a claimant is not disabled if he does "not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability." 20 C.F.R. § 416.918(a). The regulation contains examples of good reasons for failure to appear. *Id.* § 416.918(b). Here, the ALJ sent Alcazar out for a consultative examination but he failed to appear without explanation. AR 183-85. The ALJ's decision made no specific finding, however, that Alcazar failed to provide a good reason for failing to attend the consultative examination. *Compare Heskett v. Astrue*, 2012 U.S. Dist. LEXIS 77243, *13-14 (N.D. Cal. June 4, 2012).

Accordingly, this matter must be remanded for the ALJ to reconsider Alcazar's credibility.[2]

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

---

[2] To the extent Alcazar argues the ALJ failed to develop the record, his argument is rejected. *See Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001) ("One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination."). The ALJ kept the record open for Alcazar to submit additional treatment records. AR 48; *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998). The ALJ thereby satisfied his duty to develop the record.

6

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 21, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge